IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLUMBIA SPORTSWEAR
NORTH AMERICA, INC.
              Plaintiff,

CV. 05-1960-PK

OPINION AND ORDER

v.

CERF BROTHERS BAG CO.,
              Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Columbia Sportswear North America, Inc. ("Columbia") filed this action for breach of contract and violation of the Lanham Act for trademark infringement against defendant Cerf Brothers Bag Company ("Cerf Brothers"). Before this court is Columbia's motion for partial summary judgment on Cerf Brothers' fifth counterclaim for expectancy damages based on promissory estoppel. This court has jurisdiction pursuant to 28 U.S.C. § 1367. For the reasons set forth below, Columbia's motion for partial summary judgment (#69) is granted.

Page 1 - OPINION AND ORDER

LEGAL STANDARD

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991).

The moving party carries the initial burden of proof. The party meets this burden by identifying portions of the record on file which demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the nonmoving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Id.

The court must view the evidence in the light most favorable to the non-moving party. Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Ins. Co. of N. America., 638 F.2d 136, 140 (9th Cir. 1981).

FACTUAL BACKGROUND

Columbia, the licensor, and Cerf Brothers, the licensee, entered into a License Agreement in or about January 2000. The initial term of the License Agreement ran from January 20, 2000, through December 31, 2003. The License Agreement included a section that operated to

Page 2 - OPINION AND ORDER

automatically extend the License Agreement through December 31, 2005. The License Agreement contained no provision for extension beyond December 31, 2005, and required that any modifications be in writing, signed by both parties.

On March 20, 2002, Cerf Brothers entered into a lease for approximately 80,000 square feet of warehouse space. On October 17, 2002, Cerf Brothers amended that lease to expand the leased warehouse space by approximately 49,500 additional square feet through October 2007. Prior to amending the lease, Cerf Brothers' CEO Jerry Michelson ("Michelson") sought input from Columbia personnel about Cerf Brothers' opportunity to lease additional warehouse space through 2007. Michelson amended the lease in reliance on assurances he received from Columbia that Cerf Brothers "would be working with Columbia for the foreseeable future, and beyond the 2007 Amended Lease Agreement termination." Michelson Decl. ¶¶ 3-7.

On or about March 12, 2004, Columbia informed Cerf Brothers that Columbia would not extend the License Agreement beyond its expiration date of December 31, 2005.

On December 30, 2005, Columbia filed this action against Cerf Brothers. Columbia's second amended complaint, filed August 28, 2006, includes six claims for relief based on breach of contract and violation of the Lanham Act by former trademark licensee, Cerf Brothers. Cerf Brothers' answer includes fifteen affirmative defenses and eleven counterclaims. On October 23, 2006, Columbia moved for partial summary judgment solely on Cerf Brothers' fifth counterclaim for expectancy damages on the theory of promissory estoppel.

## ANALYSIS

Cerf Brothers' fifth counterclaim is premised on a theory of promissory estoppel. Cerf Brothers claims it changed its business practices in a variety of ways in reliance on assurances by

Page 3 - OPINION AND ORDER

Columbia that the business relationship would be extended, in one form or another, beyond 2005. Among other things, Cerf Brothers' counterclaim requests damages for lost profits on the sale of Columbia brand products for the years 2006 and 2007 because Columbia failed to extend the License Agreement through 2007 as promised. This motion is directed only to that request for damages.

Promissory estoppel is "a substitute for consideration, and provides a basis for enforcing a promise as a contract despite lack of consideration, when the promisee has relied on a promise to his or her detriment." Natkin and Co. v. H.D. Fowler Co., 128 Or. App. 311, 314 (Or. Ct. App. 1994) (citation omitted). Under the theory of promissory estoppel, a promise is enforceable where there is "(1) a promise; (2) which the promissor could reasonably foresee would induce conduct of the kind that occurred; (3) actual reliance on the promise; and (4) a substantial change in position by the party seeking to enforce the promise." Id. (citations omitted).

In Oregon, the theory of promissory estoppel has developed to refer to two separate concepts. When the promise is definite, it may serve as a substitute for consideration and the plaintiff would be entitled to the usual contractual remedies, including lost profits. Staley v. Taylor, 165 Or. App. 256, 261 n.5 (Or. Ct. App. 2000). Promissory estoppel may also be used when "when a party acts in reliance on an indefinite promise to create a binding obligation but that only reliance damages may be appropriate in that instance." Id. (citations omitted).

Columbia argues that construing the facts in the light most favorable to Cerf Brothers, the promises attributed to Columbia are indefinite and, thus, Cerf Brothers cannot recover lost profits on the sale of Columbia brand products for the years 2006 and 2007 under a promissory estoppel theory. This court agrees.

Page 4 - OPINION AND ORDER

Cerf Brothers summarizes Columbia's promises as follows: "Plaintiff expressed certainty that their relationship with Cerf Brothers would continue well beyond 2007, and discussed the possibilities that the continued relationship would be in the form of a new license agreement, an extended lease agreement, or an acquisition." Defendant Cerf Brothers' Response to Plaintiff's Motion for Partial Summary Judgment, p.2. Any such promises by Columbia are, by their very nature, indefinite because they encompass three distinct possibilities: a new license agreement; and extended license agreement; or an acquisition. Furthermore, the alleged promises are devoid of any detail as to the terms of any of the possibilities. Therefore, the promises made by Columbia, admitted for purposes of this motion, are indefinite under Oregon law and do not support a claim for lost profits on the sale of Columbia brand products in 2006 and 2007.

## CONCLUSION

For the reasons set forth above, Columbia's motion for partial summary judgment (#69) is granted. Cerf Brothers' claim for lost profits from the sale of Columbia brand products in 2006 and 2007 in its fifth counterclaim is dismissed.

Dated this 25th day of January, 2006.

   /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 5 - OPINION AND ORDER